## STATE v. GLENN MAXWELL.

(Filed 3 January, 1940.)

**Homicide § 30—**

> The jury's verdict of guilty of murder in the first degree and the judgment thereon must be upheld when the evidence is properly submitted to the jury under a charge free from error and none of defendant's exceptions to the admission of evidence can be sustained and nothing appears on the record to justify a disturbance of the verdict and judgment.

APPEAL by defendant from *Clement, J.,* at May Term, 1939, of ALLEGHANY.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Charlie Shepherd.

Verdict: "Guilty First Degree Murder."

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*W. B. Austin and Trivette & Holshouser for defendant.*

STACY, C. J. The record discloses that on the afternoon of 14 April, 1938, the defendant shot and killed his neighbor, Charlie Shepherd, under circumstances which the jury has found to be murder in the first degree. See same case as reported on former appeal, 215 N. C., 32, 1 S. E. (2d), 125. The deceased was hoeing in his mother's garden. The defendant, armed with a shotgun, approached him with the inquiry, "Charlie, what did you hit my boy with an axe for?" The deceased replied, "Why, Glenn, I never hit your boy with an axe." Whereupon, the defendant opened fire, shot the deceased once, reloaded his gun and threatened to shoot the mother of the deceased as she pleaded with him to desist. He then fired two more shots at the deceased and killed him. The defendant himself says, "I went over there to ask him about this here (meaning the injury to his boy), and you see he just raised up and you see I just flew all to pieces."

The case was properly submitted to the jury under a charge free from reversible error, and none of the exceptions addressed to the admission of evidence can be sustained. The facts are few and simple and only slightly in dispute. There is nothing on the record to justify a disturbance of the verdict and judgment. They will be upheld. Decree accordingly.

No error.