STATE v. J. D. REDMAN.

(Filed 1 May, 1940.)

1. **Homicide § 16—Testimony by defendant that he shot deceased does not constitute admission that he inflicted fatal injury.**

    Where defendant enters a plea of not guilty and does not withdraw or modify this plea or make formal plea of self-defense, defendant's testimony that he shot deceased and testimony by the State that he had made similar statements prior to the trial, do not amount to an admission that he killed deceased, since it does not necessarily follow from the admission that he inflicted a fatal wound, and the burden remains upon the State throughout the trial to prove that the wound inflicted by defendant was fatal.

2. **Homicide § 27b: Criminal Law §§ 53g, 81c—Failure to bring misstatement of admissions to court's attention does not waive exception when error affects burden of proof.**

    Defendant testified that he shot deceased, and the State introduced testimony of statements to like effect made by him prior to the trial, but it nowhere appeared that defendant admitted that the wound inflicted was fatal. The trial court instructed the jury that defendant admitted that he killed deceased with a deadly weapon, which admission, nothing else appearing, would make defendant guilty of murder in the second degree. The court nowhere charged that the burden was upon the State to prove that deceased came to his death as the proximate result of the pistol shot wound inflicted by defendant. *Held:* The failure of the defendant to call to the court's attention in apt time the error in the statement of defendant's admissions does not constitute a waiver of defendant's objection thereto, since under the facts of this case the court's misconception of defendant's testimony resulted in the failure of the court to properly charge the jury in respect to the burden of proof.

3. **Criminal Law § 77d—**

    The statement of the court in regard to the argument of counsel and the admissions made by them therein is conclusive, since it is for the court to say what occurred during the trial.

4. **Criminal Law § 34e—**

    An admission of counsel during the argument when the defendant has no opportunity to protest or deny the admission is not binding upon defendant.

    CLARKSON, J., dissents.

APPEAL by defendant from *Phillips, J.,* at January Term, 1940, of CABARRUS. New trial.

Criminal prosecution tried on a bill of indictment which charged the defendant with the murder of one Carl Smith.

There is evidence tending to show that the deceased went to the place of business of the defendant about 1 a.m. on 4 October, 1939, after the

defendant had closed his filling station and while he was working on his books. The defendant admitted the deceased, who asked the defendant to call a taxi. Some difficulty arose during which each assaulted the other. They apparently became reconciled and they started out of the building. While the defendant was locking the door to his building he was struck by the deceased and during the resulting scuffle defendant shot the deceased. The defendant testified that, at the time he shot, the deceased had him on the ground and was choking him. There was likewise evidence tending to show that the deceased was shot in the abdomen and that he died two days later as a result thereof.

The solicitor elected to waive the first degree murder charge and place the defendant on trial for murder in the second degree. The jury returned a verdict of guilty of murder in the second degree. From judgment pronounced thereon defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Hayden Clement and L. T. Hartsell for defendant, appellant.*

BARNHILL, J. The court in its charge to the jury made the following statement:

"Now the defendant in this case, Gentlemen of the Jury, admits the killing with a deadly weapon and attempts to justify the killing by his plea of self-defense and evidence which he insists and contends should satisfy you that he killed the deceased, not with malice and not unlawfully, but killed the deceased in the proper self-defense of his life and person; therefore, the Court will give you certain rules of law applicable to the plea of self-defense as entered in this case by the defendant."

And again later in the charge the court stated:

"Now, Gentlemen of the Jury, the defendant in this case while upon the stand testified in his own behalf, and his counsel have argued to you and admitted in their arguments to you, that the defendant killed the deceased with a deadly weapon to wit: a pistol, nothing else appearing that would make the defendant guilty of murder in the second degree."

These excerpts from the charge are made the subject of exceptive assignments of error.

The defendant entered a plea of not guilty and it does not appear from the record that this plea was thereafter withdrawn or modified by the defendant or his counsel. There was no formal plea of self-defense but the defendant did offer evidence for the purpose of showing that he did not shoot the deceased with malice and that he shot under circumstances which made his act excusable and not unlawful.

The defendant, while a witness in his own behalf, testified that he shot the deceased. The State likewise offered the evidence of two police officers who testified that the defendant made similar statements to them. However, we have searched the record in vain for any statement by the defendant while on or off the witness stand which would constitute an admission that he killed the deceased. *Non constat* it is admitted that the defendant shot the deceased, it does not follow of necessity that he inflicted a fatal wound. The burden of so showing rested upon and remained with the State throughout the trial.

We may concede that when the court below stated to the jury as a fact that the defendant had admitted that he killed the deceased and that his counsel in their argument to the jury had likewise admitted the killing, it was the duty of the defendant to call the court's attention to the erroneous statements and that the defendant's failure so to do, ordinarily, would constitute a waiver of the specific exceptions relied upon. *Royal v. Dodd,* 177 N. C., 206, 98 S. E., 599; *S. v. Lance,* 149 N. C., 551; *S. v. Davis,* 134 N. C., 633; *S. v. Tyson,* 133 N. C., 692; *S. v. Brown,* 100 N. C., 519.

Here it is apparent that the statement of the court as to the admission made by the defendant is based upon a misconstruction of his testimony to which the court referred in connection therewith. The error is harmful, therefore, for the reason that the court, acting under the misapprehension that the killing was admitted, failed to instruct the jury properly in respect to the burden of proof. The whole burden of the issues submitted to the jury was placed upon the defendant. At no time was the jury instructed that the State was required to show that the deceased came to his death as a proximate result of the pistol shot wound inflicted by the defendant. The existence of this fact was assumed. See *S. v. Maxwell,* 215 N. C., 32, 1 S. E. (2d), 125. Likewise, while there is sufficient evidence in the record to sustain a finding by the jury that the defendant killed the deceased with a deadly weapon, the jury has not been permitted to weigh and consider this evidence under instructions that the burden of so showing rested upon the State.

As the court stated to the jury that counsel for the defendant had argued that the defendant killed the deceased with a deadly weapon and there was no correction thereof at the time, we may assume that this argument was made. It is for the judge to say what occurred during the trial. *S. v. Lance, supra.* Even so, such admission made by counsel during the argument when the defendant had no opportunity to protest or deny the admission is not sufficient to justify the court in assuming that an unlawful killing with a deadly weapon is admitted by the defendant. Speaking to the subject in *Hicks v. Mfg. Co.,* 138 N. C., 319, *Hoke, J.,* says: "Admissions of fact by an attorney only bind a client

when they are distinct and formal and made for the express purpose of dispensing with proof of a fact on the trial."

For the failure of the court to properly instruct the jury on the burden of proof and its failure to require the jury to find beyond a reasonable doubt, upon the evidence offered, that the defendant killed the deceased with a deadly weapon, before casting any burden upon the defendant to go forward with proof tending to mitigate the killing or to excuse it altogether, there must be a

New trial.

CLARKSON, J., dissents.