STATE v. LESLIE HOWELL.

(Filed 9 October, 1940.)

**Homicide §§ 16, 27h—Where defendant does not admit killing deceased, jury should be instructed as to circumstances under which it may return verdict of not guilty.**

Defendant entered a plea of not guilty to the charge of murder and did not testify in his own behalf or offer any evidence. *Held:* Notwithstanding sufficient evidence tending to show defendant's guilt of murder in the first degree, including testimony of a confession made by defendant that he shot and killed deceased, upon the plea of not guilty the burden rested upon the State to show that defendant shot deceased and that deceased died from the wound thus inflicted, since the weight and credibility of the evidence lies within the province of the jury, and an instruction which fails to charge the jury as to the circumstances under which it might render a verdict of not guilty is error, the presumption arising when a killing with a deadly weapon is admitted or established not relieving the State of the burden of showing an unlawful killing.

APPEAL by defendant from *Thompson, J.,* at April Term, 1940, of WAYNE. New trial.

Criminal prosecution tried on a bill of indictment which charged the defendant with the murder of one H. C. Wiegand.

On the night of 7 March, 1940, defendant and his wife were quarreling and cursing each other. She started down the street presumably to call officers. The defendant, having a shotgun in his hand, followed her to the corner and they went back to the house still cursing and quarreling. After they returned to their home the difficulty continued and she went out on the porch and called to neighbors to get the officers. One of the neighbors went for the officers. When the officers came defendant's wife was on the porch and he was in the house. When the deceased and other officers started in the door to arrest the defendant a gun fired and the deceased received a mortal wound in his right side. One witness testified that he saw the defendant fire the gun and there was other circumstantial evidence tending to so show. After his arrest the defendant admitted to the officers that he shot the deceased. There was also evidence that the defendant had threatened to kill the first officer that came into his house.

The defendant, upon being arraigned, entered his plea of not guilty. He did not testify in his own behalf or offer any other witness, but, at the conclusion of the evidence for the State, moved for judgment as of nonsuit and excepted to the refusal thereof. The jury returned for its verdict "guilty of murder in the first degree." Thereupon, the court pronounced judgment of death by asphyxiation. Defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State, appellee.*
*N. W. Outlaw for defendant, appellant.*

BARNHILL, J. The defendant's primary assignment of error is directed to the failure of the court to charge the jury as to its right to return a verdict of not guilty. This assignment of error must be sustained.

The defendant did not testify in his own behalf and at no time admitted that he killed the deceased. His plea denied that he was guilty of any unlawful killing and challenged both the weight and credibility of the evidence offered by the State. On this plea the burden rested upon the State to show beyond a reasonable doubt that the defendant had committed an unlawful killing before any verdict of unlawful homicide could be returned. While it is a rule with us that when it is proven or admitted that a defendant intentionally killed another with a deadly weapon certain presumptions arise which cast the burden upon the defendant to mitigate the killing or to excuse it altogether on the grounds of accident, misadventure or self-defense, this does not, and it has never been interpreted to, mean that the burden of showing an unlawful killing does not rest with the State throughout the trial.

The assumption by the court that it was admitted or proven that the defendant unlawfully killed the deceased permeates the whole charge except in one paragraph which was as follows:

"Now, Gentlemen of the Jury, the defendant says and insists that he is not guilty of any charge and, before you could find him guilty of any offense, the State must have satisfied you from the evidence, beyond a reasonable doubt, he is guilty of the offense as to which you find him guilty."

But the court had charged the jury: "The State in this case asks at your hands against the accused, Leslie Howell, a verdict of guilty of murder in the first degree. The defendant has pleaded not guilty to that charge." And further—elaborating thereon—that the defendant says and insists that he did not kill with premeditation and deliberation; that he did not kill with malice; that he did not kill intentionally; that all he wanted to do was to get the officers out of his house on that occa-

sion; and that his passion, which had already been aroused on account of the altercation with his wife, suddenly became so aroused that what he did was done in the heat of passion. It further charged: "He says and insists therefore . . . that (manslaughter) is the most that you can render against him, and the one contention of counsel in his argument was that that was all the verdict that could be rendered"; and again, "the accused in this case does not contend that he is not guilty of some offense. His counsel in his argument to you did not contend that you ought not to return a verdict of guilty against the defendant, but his counsel did contend that the most you should return against the defendant in this case would be a verdict of guilty of manslaughter."

At no time did the court instruct the jury that it could or should under any circumstances return a verdict of not guilty. Nor did the court require the jury to find, as an essential element of the crime charged, that the deceased fired the shot which inflicted the fatal wound or that the deceased died from the wound inflicted.

There is no exception to the quoted excerpts from the charge. However, consideration thereof serves but to emphasize the fact that the inadvertence of the court in the respects indicated deprived the defendant of a substantial right and was prejudicial and harmful. *S. v. Helms,* 181 N. C., 566, 107 S. E., 228; *S. v. Castle,* 133 N. C., 769, 46 S. E., 1; *S. v. Maxwell,* 215 N. C., 32, 1 S. E. (2d), 125; *S. v. Redman,* 217 N. C., 483. Under the charge as given the jury must have felt that a verdict at least of guilty of manslaughter was imperative.

There is ample evidence in the record to sustain the charge of murder in the first degree and it may be that upon a retrial the same result will be reached. And yet it is important that a defendant, however humble or defenseless he may be, shall not suffer the penalty of death until he has been convicted in a trial in which there has been a scrupulous observance of constitutional and statutory safeguards protecting and preserving his rights. When there is a general plea of not guilty and no admission of an unlawful killing the death penalty will be exacted only upon the verdict of a jury which has been given full opportunity to pass upon the weight and credibility of the evidence and only after it has been instructed as to its right to return, and the conditions upon which it should render, a verdict of not guilty.

New trial.