ERVIN, J., dissenting.
SEAWELL, J., concurs in dissent.
BARNHILL, J., concurring.
Criminal prosecution on indictment charging the defendant with the murder of one Keston Norris Privette.
The record discloses that on 7 February, 1949, the defendant lured the deceased from his home, bludgeoned him over the head with the stock of a rifle, and buried him, while still alive, in a shallow hole or grave which the defendant previously had prepared for the purpose. He died from suffocation. The defendant and the wife of the deceased then fled to the State of Georgia. While under arrest in that State, the defendant made a confession to the officers in which he freely admitted the atrociousness of the crime and the sordid details of his illicit relations with the youthful wife of the deceased. Under this confession, which is not now challenged, clear case of premeditated and deliberate murder is fully made out.
While the defendant entered a plea of not guilty, the case was argued to the jury on the opposing contentions, first by the State that a verdict of murder in the first degree should be returned against the defendant, and, secondly, by the defendant that a verdict of murder in the second degree would meet the ends of justice.
In opening his charge to the jury, the trial court instructed them that they were to pass upon the "guilt or innocence of the prisoner" and to say by their verdict the degree of guilt the prisoner has incurred by reason of the homicide in question, "or to say by your verdict that he is not guilty of any crime," as you may find the facts to be from the evidence in the case and under the rule of law which the court will undertake to give you for your guidance.
Then when the court came to consider the different degrees of an unlawful homicide, he addressed the following inquiry to the defendant and his counsel:
"I do not understand — and if I misunderstand I wish now to be corrected — that the defendant contends, either in his own proper person or through counsel, that this jury should render any less verdict than that of murder in the second degree: Is that correct, gentlemen?
"Mr. Holding: That is correct.
"Mr. Ehringhaus: That is correct, sir.
"The defendant bowed his head in affirmation.
"Let the record so show."
Later in the charge, the jury was again admonished that the defendant "comes into court surrounded and clothed with a presumption of innocence which remains around and about him throughout the entire case unless and until the State has satisfied you, the jury, of his guilt beyond a reasonable doubt."
Finally, the court concluded his charge to the jury as follows:
"Take the case and say whether or not you find the defendant guilty of murder in the first degree and, if so, whether or not you desire to *Page 165 
recommend life imprisonment, or if you find him guilty of murder in the second degree." Exception.
Verdict: Guilty of murder in the first degree.
Judgment: Death by asphyxiation.
The defendant appeals, assigning errors.
The defendant has been convicted of murder in the first degree, without any recommendation from the jury, and sentenced to die as the law commands in such case. He appeals, giving as his principal reason the failure of the court, in his final instruction to the jury, to permit an acquittal in case of a finding that the defendant had committed no crime. For this position, the defendant relies upon the following cases: S. v. Howell, 218 N.C. 280, 10 S.E.2d 815; S. v. Redman, 217 N.C. 483,8 S.E.2d 623; S. v. Maxwell, 215 N.C. 32, 1 S.E.2d 125; S. v. Hill,141 N.C. 769, 53 S.E. 311; S. v. Dixon, 75 N.C. 275. He stresses the Howell and Maxwell cases as being quite pertinent and directly in point.
Viewing the charge contextually, as required by many decisions, we are constrained to hold that it sufficiently meets the objection which the defendant now makes. S. v. Truelove, 224 N.C. 147, 29 S.E.2d 460; S. v. Grass, 223 N.C. 31, 25 S.E.2d 193; S. v. Harris, 223 N.C. 697,28 S.E.2d 232; S. v. Ellis, 203 N.C. 836, 167 S.E. 67.
It is true, a more formal statement of the position would have been in order, but throughout the charge, the jury was admonished that a presumption of innocence surrounded the defendant which remained with him up to the rendition of an adverse verdict against him. Considering the charge as a whole or in its entirety, we think it will do. While it might have been more specific and direct on the point at issue, we are disposed to uphold the trial in the light of the record.
The meaning properly to be ascribed to the responses made by the defendant and his counsel to the court's inquiry during the charge is that there was no element of manslaughter in the case. In this, they were quite correct. There was no intention, however, to change the defendant's plea or to relieve the court of any duty which the law imposed upon him. S. v. Grier, 209 N.C. 298, 183 S.E. 272; S. v. Merrick, 171 N.C. 788,88 S.E. 501; S. v. Foster, 130 N.C. 666, 41 S.E. 284. The immediate purpose was to eliminate any question of manslaughter. This part of the record may be put to one side as without material significance or bearing on the question here involved. *Page 166 
The question presented perhaps lends itself to much writing, but in the end it all comes to the interpretation to be placed on the entire charge. Construing it as without reversible error, we are disposed to overrule the exceptions and sustain the validity of the trial in the light of the whole record.
No error.