## STATE v. DILLARD PINK RAMEY.

(Filed 20 March 1968.)

**1. Criminal Law § 24—**

A plea of not guilty puts in issue every essential element of the crime charged.

**2. Homicide § 14—**

The presumptions that a killing was unlawful and with malice, thereby constituting murder in the second degree, do not arise until the State has satisfied the jury beyond a reasonable doubt that the defendant intentionally shot deceased with a deadly weapon and thereby proximately caused his death.

**3. Homicide § 24—**

Where defendant enters a plea of not guilty and does not withdraw or modify this plea, defendant's testimony that he shot deceased in self-de-

fense is not an admission that he killed the deceased, and the trial court should not assume such fact but should instruct the jury, even in the absence of a specific request, that the State has the burden to satisfy them beyond a reasonable doubt that deceased came to his death as a proximate result of the bullet wound inflicted by defendant. Inconsistent expressions in *State v. Cole*, 270 N.C. 382, are withdrawn.

**4. Homicide § 28—**
An instruction that defendant would be guilty of manslaughter if he unlawfully killed the deceased in the heat of passion unless the jury should find that defendant acted in self-defense *is held* erroneous, since an unlawful killing in the heat of passion is not excusable on the ground of self-defense.

APPEAL by defendant from *Snepp, J.,* September 1967 Criminal Session of MECKLENBURG.

Defendant, indicted for the first degree murder of Ardell Mabry, pleaded "Not Guilty." When the case was called for trial, the State elected to waive the first degree murder charge and place defendant on trial for murder in the second degree.

Evidence was offered by the State and by defendant.

The Ramey and Mabry families were next door neighbors on Kirby Drive in the Paw Creek section of Mecklenburg County. The shooting occurred about 5:00 p.m. on Sunday, May 28, 1967. A review of the evidence as to events prior to the shooting is unnecessary to decision on this appeal.

The State offered evidence which, in brief summary, tends to show that Mabry came out of his house and was walking towards his car, away from defendant and away from the apple tree referred to in defendant's evidence; that Mabry had a shotgun over his arm but did not fire it; that, before he reached his car, a bullet from a .22 rifle fired by defendant from a position on defendant's porch struck Mabry in the left arm; that Mabry got to his car, aided by his son, Roger, a Marine, and was taken to a hospital; and that the bullet passed through Mabry's arm, entered his left chest and lodged in his heart sac, thereby proximately causing his death.

Defendant offered evidence which, in brief summary, tends to show that Mabry came out of his house, carrying a shotgun; that, in a crouched position, he made his way to an apple tree, located some 50-60 feet from defendant's porch; that Mabry stood up behind this tree and aimed his shotgun by resting it in a fork of the tree; that Mabry fired his shotgun and defendant thereupon fired his .22 rifle, aiming at Mabry's arm; and that, after defendant had fired, Mabry "ran and laid his gun down at the doorstep. Then he went and got in the car and Roger met him and grabbed him by the arm and pulled him on a little faster."

STATE v. RAMEY.

The jury returned a verdict of guilty of manslaughter. Thereupon, the court pronounced judgment imposing a prison sentence of twenty years.

Defendant excepted and appealed. On account of his indigency, the court appointed counsel, Max L. Childers, Esq., to represent him in perfecting and prosecuting his appeal, and ordered Mecklenburg County to pay all necessary costs incident to such appeal.

*Attorney General Bruton and Staff Attorney Vanore for the State.*
*Childers & Fowler for defendant appellant.*

BOBBITT, J. All assignments of error brought forward in defendant's brief relate to the charge.

At the outset of the charge, the court explained defendant was presumed to be innocent and that the burden rested upon the State to satisfy the jury beyond a reasonable doubt as to defendant's guilt before they could convict him.

After general instructions and a review of the evidence of the State and of defendant, instructions were given as to the elements of second degree murder and of manslaughter.

The court then charged the jury in substance that the intentional use of a deadly weapon as a weapon, when death proximately results from such use, gives rise to the presumptions (1) that the killing was unlawful, and (2) that it was done with malice, and that an unlawful killing with malice is murder in the second degree. *State v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322; *State v. Phillips,* 264 N.C. 508, 142 S.E. 2d 337; *State v. Cooper,* 273 N.C. 51, 159 S.E. 2d 305. The court charged further that, *in such event,* it would be incumbent upon defendant to satisfy the jury of facts sufficient to mitigate the killing and reduce it to manslaughter or to excuse it altogether on the ground of self-defense. These instructions with reference to manslaughter and self-defense presuppose the State has satisfied the jury from the evidence beyond a reasonable doubt that defendant intentionally shot Mabry *and* thereby proximately caused his death. If the State failed to establish either of these two propositions, no presumptions would arise as to an unlawful killing with malice. No instruction to this effect was given.

After giving instructions relating to second degree murder, the court instructed the jury if they found defendant not guilty of second degree murder it would be their duty to determine whether he was guilty of manslaughter. The court's final instruction to the jury is quoted below.

"(I)f you find from the evidence beyond a reasonable doubt, the

burden being upon the State to so satisfy you, that on the 28th day of May, 1967, Dillard Pink Ramey intentionally shot and killed the deceased, Mr. Ardell Mabry; that he killed him with a deadly weapon, and you are further satisfied from all the evidence, both that of the State and the defendant, that he killed Mr. Mabry in the heat of passion by reason of anger suddenly aroused on account of an assault or threatened assault upon him or his family, and before sufficient time had elapsed for the passion to subside and reason to resume its habitual control, then the defendant would be guilty of manslaughter, and if you so find, it would be your duty to render a verdict of guilty of manslaughter against the defendant, *unless the prisoner has satisfied you that he killed the deceased* in self-defense or in defense of his family, that is to say, if he has satisfied you from the evidence in the case that at the time he shot *and killed* the deceased, Mr. Ardell Mabry, he was in his own home, that he was himself without fault in bringing on the difficulty; that he was assaulted by the deceased; that he believed and had reasonable grounds to believe that he was about to suffer death or great bodily harm or that some member of his family was about to suffer death or great bodily harm at the hands of the deceased, and that in the exercise of ordinary prudence and firmness he used no more force than he believed to be reasonably necessary to repel and overcome the assault which the deceased was making upon him or upon some member of his family at the time *the fatal shot* was fired, then I charge you that *the killing* of the deceased Ardell Mabry would be excusable homicide and if you so find to your satisfaction, it would be your duty to render *a verdict of not guilty in this case.*" (Our italics.)

The only portions of the charge in which the jury was instructed as to circumstances under which they might return a verdict of not guilty relate directly and solely to the return of a verdict of not guilty in the event the jury found defendant acted in the lawful exercise of his right of self-defense.

A plea of not guilty puts in issue *every essential element of the crime charged. State v. McLamb,* 235 N.C. 251, 256, 69 S.E. 2d 537, 540, and cases cited; *State v. Courtney,* 248 N.C. 447, 451, 103 S.E. 2d 861, 864; *State v. Moore,* 268 N.C. 124, 126, 150 S.E. 2d 47, 49.

The italicized statements in the quoted excerpt from the charge indicate defendant contended he *killed* Mabry in self-defense. Defendant's contention was that he *acted* in defense of himself and of members of his family who were on his porch when Mabry fired his shotgun towards them.

Nothing in the record suggests that defendant's plea of not guilty was withdrawn or modified. There was no judicial admission by de-

STATE *v.* RAMEY.

fendant or by his counsel that Mabry's death was proximately caused by a bullet wound inflicted by defendant. Although he testified he fired his .22 rifle once under circumstances referred to in our preliminary statement, defendant made no admission or statement that he *killed* Mabry. Whether Mabry's death was caused by a bullet wound inflicted by defendant was not within the knowledge of defendant. Mabry was alive when he left or was taken from defendant's view.

The factual situation is quite similar to that considered in *State v. Redman,* 217 N.C. 483, 485, 8 S.E. 2d 623, 624, where Barnhill, J. (later C.J.), speaking for this Court, said. *"Non constat* it is admitted that the defendant shot the deceased, it does not follow of necessity that he inflicted a fatal wound. The burden of so showing rested upon and remained with the State throughout the trial." Accord: *State v. Howell,* 218 N.C. 280, 10 S.E. 2d 815; *State v. Anderson,* 222 N.C. 148, 22 S.E. 2d 271; *State v. DeGraffenreid,* 223 N.C. 461, 27 S.E. 2d 130; *State v. Ellison,* 226 N.C. 628, 39 S.E. 2d 824; *State v. Minton,* 228 N.C. 15, 44 S.E. 2d 346.

Quoting further from the opinion in *State v. Redman, supra:* "At no time was the jury instructed that the State was required to show that the deceased came to his death as a proximate result of the pistol shot wound inflicted by the defendant. The existence of this fact was assumed." As stated by Devin, J. (later C.J.), in *State v. Ellison, supra:* "In the absence of an admission to that effect the burden of proof was upon the State to show from the evidence beyond a reasonable doubt that the shots admittedly fired by defendant caused the death of the deceased."

In our opinion, and we so decide, defendant was entitled to an explicit instruction, even in the absence of a specific request therefor, to the effect the jury should return a verdict of not guilty if the State failed to satisfy them from the evidence beyond a reasonable doubt that a bullet wound inflicted upon Mabry by defendant proximately caused his death. The trial judge inadvertently failed to give such instruction. The necessity for such instruction is not affected by the fact there was plenary evidence upon which the jury could base a finding that a bullet wound inflicted upon Mabry by defendant proximately caused his death. *State v. Redman, supra.*

As indicated, the quoted excerpt from the charge was the court's final instruction to the jury. It is noted that no instruction was given that if the State failed to satisfy the jury from the evidence beyond a reasonable doubt that defendant was guilty of murder in the second degree, and failed to satisfy the jury from the evidence beyond a reasonable doubt that defendant was guilty of manslaughter, the jury should return a verdict of not guilty.

Expressions in *State v. Cole,* 270 N.C. 382, 154 S.E. 2d 506, inconsistent with the legal principles stated herein, are withdrawn and may not be considered authoritative.

A new trial is awarded on account of the indicated error (deficiency) in the charge. Hence, it is unnecessary to consider assignments challenging the charge as erroneous in other respects.

This Court, *ex mero motu,* deems it appropriate to call attention to an error in the quoted excerpt from the charge. The trial judge instructed the jury in substance to return a verdict of guilty of manslaughter if they found defendant unlawfully killed Mabry in the heat of passion *unless* the jury found defendant acted in the lawful exercise of his right of self-defense in which case they would return a verdict of not guilty. An unlawful killing in the heat of passion is not excusable on the ground of self-defense. Conversely, a person acting in the lawful exercise of his right of self-defense is not guilty of any criminal offense. However, a person is guilty of manslaughter if he kills his adversary when acting to defend himself but in doing so uses more force than is or reasonably appears to be necessary to protect and defend himself from death or great bodily harm.

New trial.