STATE OF NORTH CAROLINA v. SAMUEL SHERRILL

No. 7519SC634

(Filed 7 January 1976)

**Homicide § 24— instructions — gunshot wounds as cause of death**
     The trial court in a homicide case erred in failing to instruct the jury that before it could find defendant guilty of manslaughter, it must find that the victim's death resulted proximately from the gunshot wounds inflicted by defendant.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 30 April 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 13 November 1975.

The defendant was charged in a bill of indictment, proper in form, with the second degree murder of Edward Redfern. Upon a plea of not guilty, the State offered evidence tending to show:

In the early morning of 27 April 1974, the defendant and Janie Sibby went to Edward Redfern's house at 344 Lincoln Street in Concord, North Carolina. Around 9:00 a.m., the defendant and Redfern got into an argument over Janie, who was supposed to be Redfern's girlfriend. They went outside and Redfern pulled a knife on the defendant. The defendant, then pulled out a .38 Mizzer and shot Redfern five or more times. He then went inside, told Janie he had shot Redfern, and asked Janie to drive him home, which she did. Defendant was later arrested and confessed.

After the shooting, Redfern was taken to Cabarrus Memorial Hospital. He had extensive abdominal wounds requiring three hours of surgery and treatment for shock before his condition finally stablized. He remained in the hospital until 20 May 1974 when he was released. On 27 May 1974 he returned to the hospital, with extensive internal bleeding. He was given massive transfusions of blood, but his condition worsened until he died on 7 June 1974. Subsequent examinations and an autopsy were performed. Although there was evidence of other scars and injuries, particularly eleven "hemorrhagic uclers" in the deceased's stomach, it was the opinion of the two qualified physicians that the cause of death was the damage done to the intestines and abdomen by the gunshot wounds.

The defendant admitted the shooting, but he contended that when Redfern pulled the knife, he ran until his "legs give out" and that Redfern chased him threatening him with the knife. At the time he shot Redfern, Redfern would not let him get to his car. The defendant, through cross-examination of the two physicians, also offered evidence that forty-one days had elapsed from the time of the shooting and Redfern's death, that at least some of the wounds from the gunshots had healed, and that there was evidence of other injuries on and in the deceased at the time of death.

From a verdict of guilty of voluntary manslaughter and judgment imposing a prison sentence of five to seven years, defendant appealed.

*Attorney General Edmisten by Special Deputy Attorney General Edwin M. Speas, Jr., and Assistant Attorney General Richard F. Kane for the State.*

*Davis, Ford and Weinhold by Robert M. Davis for defendant appellant.*

State v. Sherrill

HEDRICK, Judge.

The principal assignments of error brought forward and argued by the defendant relate to the charge. We are unable to distinguish the instructions challenged by these assignments of error from the instructions declared by our Supreme Court in *State v. Ramey,* 273 N.C. 325, 160 S.E. 2d 56 (1968), to be erroneous and prejudicial. In *Ramey,* the defendant was charged with second degree murder and convicted of voluntary manslaughter. There the evidence tended to show that Ramey shot the deceased who expired a few hours later as a proximate result of the gunshot wounds inflicted by the defendant. In *Ramey,* the defendant contended that he acted in self-defense when he shot the deceased.

After general instructions and a review of the evidence of the State and the defendant, the court declared and explained the elements of second degree murder and manslaughter. The court explained the circumstances under which it would be the jury's duty to find the defendant guilty of second degree murder. Thereafter, the court charged the jury that if it found the defendant not guilty of second degree murder, it would be their duty to determine whether he was guilty of manslaughter.

Proximate cause is an element of second degree murder *and* manslaughter. If the jury did not find from the evidence and beyond a reasonable doubt that Redfern's death resulted proximately from the gunshot wounds inflicted by the defendant, it could not convict him of either offense. Nowhere in the charge did the judge declare and explain that before the jury could find the defendant guilty of manslaughter, it must find that Redfern's death was proximately caused by the gunshot wounds inflicted by the defendant. The charge with respect to manslaughter and self-defense presupposes that Redfern's death was caused by the gunshot wounds. If the jury followed the charge, it was bound to find the defendant guilty of manslaughter unless it found he acted in self-defense. The defendant was entitled to an explicit instruction that the burden was on the State to satisfy the jury from the evidence and beyond a reasonable doubt that the defendant intentionally shot and wounded Redfern and that his death was proximately caused by such wounds. The necessity for such an instruction was not obviated by the presence of plenary evidence to support such a finding. *State v. Ramey, supra.*

The State's contention that the charge when considered contextually as a whole is without error is untenable. The mere statement by the court that the defendant contended that Redfern's death was not proximately caused by the gunshot wounds in face of the court's failure to give an explicit instruction with respect to the element of proximate cause magnifies the error rather than curing it. No statement of the defendant's contentions regarding proximate cause could remove the prejudicial effect of the presumptions made in the charge with respect to manslaughter and self-defense that the defendant fired "the fatal shot" or "killed" Redfern in self-defense. Moreover, the recital of the defendant's contentions in this regard in the absence of an explicit instruction regarding the element of proximate cause, in our opinion, carries a clear implication that the burden was on the defendant to prove that Redfern's death was not proximately caused by the wounds inflicted by the defendant.

Since there must be a new trial, it is not necessary that we discuss defendant's other assignments of error.

For error in the charge, the defendant is entitled to a

New trial.

Chief Judge BROCK and Judge CLARK concur.