STATE OF NORTH CAROLINA v. MICHAEL LANE McHONE

No. COA04-1605

(Filed 1 November 2005)

## 1. Homicide— first-degree murder—eliminating option of not guilty—new trial

The trial court committed plain error by omitting the option of not guilty of first-degree murder in its final mandate to the jury and on the verdict sheet, and defendant is entitled to a new trial, because: (1) the trial court neither stated that the jury could find defendant not guilty of first-degree murder, nor that it was its duty to do so should it conclude the State failed in its burden of proof; (2) the trial court did not, as an alternative to a not guilty mandate, instruct the jury to answer no to the first issue on the verdict sheet should it not find any one or more of the elements of murder missing; (3) the trial court essentially pitted one theory of first-degree murder against the other and impermissibly suggested that the jury should find that the killing was perpetrated by defendant on the basis of at least one of the theories; (4) telling the jury not to return a verdict of guilty as to each theory of first-degree murder does not comport with the necessity of instructing the jury that it must or would return a verdict of not guilty should it completely reject the conclusion that defendant committed first-degree murder; (5) the verdict sheet itself did not provide a space or option of not guilty; (6) rather than help correct the failure to provide a similar not guilty mandate with respect to the first-degree murder charge, the presence of a not guilty final mandate as to the armed robbery/larceny offenses likely reinforced the suggestion that the jury should return a verdict of first-degree murder based upon premeditation and deliberation and/or felony murder; (7) the content and form of the verdict sheet on the taking offenses which did afford a space for a not guilty verdict also likely reinforced the suggestion that defendant must have been guilty of first-degree murder on some basis; and (8) the fact there was plenary evidence upon which the jury might return a verdict of guilty does not remedy the failure to provide a not guilty mandate.

## 2. Robbery— armed—taking property after victim's death—sufficiency of evidence

The trial court did not err by failing to dismiss the armed robbery charge against defendant based on alleged insufficient evi-

dence, because: (1) the fact that the victim is already dead when her possessions are taken has not previously been an impediment in this jurisdiction to the defendant's conviction for armed robbery; and (2) two witnesses testified that defendant told them he killed the victim.

Appeal by defendant from judgments entered 29 March 2004 by Judge W. David Lee in Cabarrus County Superior Court. Heard in the Court of Appeals 23 August 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Jill Ledford Cheek and Assistant Attorney General Steven F. Bryant, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Janet Moore, for defendant.*

LEVINSON, Judge.

Defendant appeals from convictions and judgments for first degree murder and armed robbery. We find no error in part, and reverse and remand in part.

The evidence presented at trial may be summarized as follows:

On the morning of 14 November 2000, Tammy Cush was discovered dead in her apartment. Her husband returned home and found his wife's naked body lying in their bedroom. She had two stab wounds to the neck which, according to expert testimony, caused her death. A jar of coins was spilled on the living room floor. Silver coins from this jar were missing, as were the Play Station and VCR. Mrs. Cush's purse had been emptied of the money inside, and food was strewn on the kitchen floor. A trail of vegetables led towards defendant's apartment. The victim's VCR and Play Station were found in defendant's apartment.

In response to police questioning the next day, defendant admitted having entered the victim's home on the evening of 13 November 2000. He stated he had seen Mrs. Cush lying naked in the bedroom with a hole in her neck trying to breathe. Defendant contended that he slipped in a pool of warm blood, vomited in the toilet, took the VCR and Play Station, and returned to his apartment.

Ronald Pritt testified that defendant told him he killed the victim. Pritt was incarcerated in jail at the same time defendant was incar-

cerated at the Catawba County jail. Defendant told Pritt that, on the night of the murder, he went to Mrs. Cush's apartment intending to kill her husband. Mrs. Cush backed out of "the plotting and planning to kill her husband", and defendant returned to his apartment. Later, defendant explained, he "forgot something" and returned to Mrs. Cush's apartment with a pair of scissors. When he walked in the door, Mrs. Cush had "started yelling at him, throwing her—all wild, and he blanked out and when he came back to, he had blood all over him. She was laying on the floor." Defendant told Pritt he had asked "the Gideons" who visited the prisoners in jail to pray that Mrs. Cush's killer would be found because it would "throw the officers off, saying he didn't do it."

Robert Howie testified that defendant told him he had killed his girlfriend. Howie was incarcerated in jail at the same time defendant was incarcerated at the Catawba County jail. Defendant said his girlfriend "had broke[n] up with him and he wanted to have sex with her one more time." When she refused to have intercourse with him, "[h]e lost it and stabbed her in the neck, turned her over, and had sex with her." Defendant also told Howie he had spilled a jar of coins in the victim's apartment and had gone through the coins looking for money to buy beer.

Defendant presented no evidence.

After denying defendant's request to submit second degree murder to the jury, the court instructed the jury on first degree murder on the theories of malice, premeditation and deliberation and the felony murder rule. In addition, the court instructed the jury on robbery with a dangerous weapon and the lesser-included offense of larceny. The jury convicted defendant of first degree murder based upon both theories, and robbery with a dangerous weapon. For first degree murder, defendant was sentenced to life imprisonment without parole; for the armed robbery, defendant was sentenced to 77-102 months imprisonment. From these convictions and judgments, defendant appeals.

---

[1] Defendant first argues the trial court committed plain error by eliminating the option of not guilty of first degree murder in its final mandate to the jury and, in a related argument, by omitting the option of not guilty of first degree murder on the verdict sheet.[1] Defendant

---

1. On appeal, the State has not responded to Defendant's argument concerning the failure of the trial court, in its instructions, to inform the jury that it had an obligation to return a verdict of not guilty should the State fail to meet its burden of proof as to the offense of first degree murder.

argues these omissions so tainted the proceedings against him that a new trial on the first degree murder charge is required. After very careful review, we are compelled to agree.

The underlined portions of the following instructions given by the trial court play a significant role in our evaluation of this assignment of error:

> The Defendant has entered pleas of not guilty as to each charge. The fact that he has been charged is no evidence of guilt. Under our system of justice when a Defendant pleads not guilty, he is not required to prove his innocence. He is presumed to be innocent. The State must prove to you that the Defendant is guilty beyond a reasonable doubt.
>
> . . . .
>
> You should weigh all the evidence in the case. After weighing all of the evidence if you are not convinced of the guilt of the Defendant beyond a reasonable doubt you must find him not guilty.
>
> . . . .
>
> Ladies and gentlemen, the Defendant has been charged with first-degree murder. Under the law and the evidence in this case, it is your duty to return one of the following verdicts: guilty of first-degree murder or not guilty.
>
> You may find the Defendant guilty of first-degree murder on either or both of two theories; that is, on the basis of malice, premeditation, and deliberation or under the first-degree felony murder rule.
>
> . . . .
>
> If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant, acting with malice, killed the victim with a deadly weapon thereby proximately causing the victim's death and that the Defendant intended to kill the victim and that the Defendant acted after premeditation and with deliberation, it would be your duty to return a verdict of guilty of first-degree murder on the basis of malice, premeditation, and deliberation.
>
> If you do not so find or have a reasonable doubt as to one or more of these things, you would not return a verdict of guilty of

first-degree murder on the basis of malice, premeditation, and deliberation. Whether or not you find the Defendant guilty of first-degree murder on the basis of malice, premeditation, and deliberation, you will also consider whether he is guilty of first-degree murder under the first-degree felony murder rule.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant committed the offense of robbery with a dangerous weapon and that while committing the offense of robbery with a dangerous weapon the Defendant killed the victim and that the Defendant's act was a proximate cause of the victim's death, it would be your duty to return a verdict of guilty of first-degree murder under the felony murder rule.

If you do not so find or have a reasonable doubt as to one or more of these things, you will not return a verdict of guilty of first-degree murder under the felony murder rule.

Now, ladies and gentlemen, the verdict form with respect to the charge of first-degree murder sets out first-degree murder both on the basis of malice, premeditation, and deliberation and first-degree murder under the felony murder rule.

In the event that you should find the Defendant guilty of first-degree murder, please have your foreperson indicate whether you did so on the basis of malice, premeditation, and deliberation or the felony murder rule or both.

As to armed robbery and the lesser-included offense of larceny, the trial court instructed the jury, in pertinent part, as follows:

The Defendant has also been charged with robbery with a dangerous weapon, which is taking and carrying away the personal property of another from his or her person or in his or her presence without his or her consent by endangering or threatening a person's life with a dangerous weapon, the taker knowing that he was not entitled to take the property and intending to deprive another of its use permanently.

. . . .

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant had in his possession a dangerous weapon and took and carried away [the personal property of another] from the person or in the presence of a person without her voluntary consent by endangering or threatening her

life with the use or threatened use of a dangerous weapon, the Defendant knowing that he was not entitled to take the property and intending to deprive that person of its use permanently, it would be your duty to return a verdict of guilty of robbery with a dangerous weapon.

If you do not find the Defendant guilty of robbery with a dangerous weapon or have a reasonable doubt as to one or more of these things, it would be your duty to consider whether the Defendant is guilty of larceny.

. . . .

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the Defendant took and carried away another person's property without her consent knowing that he was not entitled to take it and intending at the time to deprive the victim of its use permanently, it would be your duty to return a verdict of guilty.

If you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty as to that charge.

Because defendant did not object at trial to the omission of the not guilty option from the trial court's final mandate to the jury, we review the trial court's actions for plain error. *See State v. Walker,* 170 N.C. App. 632, 636, 613 S.E.2d 330, 333 (2005).

Plain error includes error that is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done; or grave error that amounts to a denial of a fundamental right of the accused; or error that has resulted in a miscarriage of justice or in the denial to appellant of a fair trial.

*State v. Gregory,* 342 N.C. 580, 586, 467 S.E.2d 28, 32 (1996).

"It is well established that 'the trial court's charge to the jury must be construed contextually and isolated portions of it will not be held prejudicial error when the charge as a whole is correct.' " *State v. Hornsby,* 152 N.C. App. 358, 367, 567 S.E.2d 449, 456 (2002) (quoting *State v. Boykin,* 310 N.C. 118, 125, 310 S.E.2d 315, 319 (1984)), *appeal dismissed,* 356 N.C. 685, 578 S.E.2d 316 (2003). "Regardless of requests by the parties, a judge has an obligation to fully instruct the jury on all substantial and essential features of the case embraced within the issue and arising on the evidence. The trial judge may in his

STATE v. McHONE

[174 N.C. App. 289 (2005)]

discretion also instruct on the subordinate and nonessential features of a case without requests by counsel." *State v. Harris*, 306 N.C. 724, 727, 295 S.E.2d 391, 393 (1982) (citing *State v. Ward*, 300 N.C. 150, 266 S.E.2d 581 (1980)).

Our Supreme Court has held that the failure of the trial court to provide the option of acquittal or not guilty in its charge to the jury can constitute reversible error. *See, e.g., Ward*, 300 N.C. at 155, 266 S.E.2d at 584 (where presiding judge was required to "declare and explain the law arising on the evidence" to the jury under N.C. Gen. Stat. § 15A-1232, the trial court's failure to do so, together with its failure to give a final mandate to the effect that the jury had a duty to return a verdict of not guilty if they had a reasonable doubt as to defendant's guilt of second degree murder, resulted in new trial); *State v. Overman*, 257 N.C. 464, 468, 125 S.E.2d 920, 924 (1962) (reversible error where court instructed jury on its duty to return a verdict of guilty if certain facts found to be true, but failed "to tell the jury that if they were not satisfied beyond a reasonable doubt that those were the facts, they would acquit"); *State v. Dallas*, 253 N.C. 568, 569, 117 S.E.2d 415, 416 (1960) ("At no time was the jury instructed that, if upon a fair and impartial consideration of the evidence they had a reasonable doubt of defendant's guilt, it would be their duty to acquit him."); *but see State v. Bridges*, 231 N.C. 163, 165, 56 S.E.2d 397, 398 (1949) (defense theory at trial was that the killing was in the nature of second degree murder and defendant acknowledged manslaughter was not implicated; even in absence of final not guilty option, first degree murder conviction sustained because, considering the charge as a whole, "jury was admonished that a presumption of innocence surrounded the defendant which remained with him up to the rendition of an adverse verdict against him").

In *State v. Howell*, 218 N.C. 280, 282, 10 S.E.2d 815, 817 (1940), where the trial court erred, in part, by failing to instruct the jury that it could return a verdict of not guilty, the Supreme Court held:

When there is a general plea of not guilty and no admission of an unlawful killing the . . . penalty will be exacted only upon the verdict of a jury which has been given full opportunity to pass upon the weight and credibility of the evidence and only after it has been instructed as to its right to return, and the conditions upon which it should render, a verdict of not guilty.

Our Supreme Court recently relied upon *Ward*, and quoted the above language from *Howell*, in a case where the defendant argued the trial

court failed to provide a not guilty verdict in its mandate. *See State v. Chapman*, 359 N.C. 328, 380, 611 S.E.2d 794, 831 (2005). Finally, in *State v. Ramey*, 273 N.C. 325, 329, 160 S.E.2d 56, 59 (1968), the Court awarded a new trial based on the trial court's failure to properly instruct the jury on returning a verdict of not guilty:

> [D]efendant was entitled to an explicit instruction, even in the absence of a specific request therefor, to the effect the jury should return a verdict of not guilty if the State failed to satisfy them from the evidence beyond a reasonable doubt that a bullet wound inflicted upon Mabry by defendant proximately caused his death. The trial judge inadvertently failed to give such [an] instruction. The necessity for such an instruction is not affected by the fact there was plenary evidence upon which the jury [might return a verdict of guilty].

> . . . .

> It is noted that no instruction was given that if the State failed to satisfy the jury from the evidence beyond a reasonable doubt that defendant was guilty of murder in the second degree, and failed to satisfy the jury from the evidence beyond a reasonable doubt that defendant was guilty of manslaughter, the jury should return a verdict of not guilty. `

(citations omitted and emphasis added). In sum, our appellate precedent illustrates the importance placed upon the trial court's obligation to provide a not guilty final mandate to juries.

In the instant case, on the charge of first degree murder, the trial court failed to instruct the jury on the option of finding defendant not guilty during its final mandate.[2] Indeed, it neither stated that the jury could find defendant not guilty of first degree murder, nor that it was their duty to do so should they conclude the State failed in its burden of proof. And it did not, as an alternative to a "not guilty" mandate, instruct the jury to answer "no" to the first issue on the verdict sheet should it not find any one or more of the elements of murder missing:[3]

---

2. *See, e.g.*, North Carolina Pattern Jury Instruction 206.14 (Criminal): "If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty."

3. We need not comment on whether, in the absence of a final not guilty mandate, the verdict sheet utilized here could result in reversible error. *See, e.g., State v. Hicks*, 86 N.C. App. 36, 43, 356 S.E.2d 595, 599 (1987).

We the jury unanimously find the Defendant, Michael Lane McHone:

1. Guilty of First Degree Murder?

    ANSWER: <u>yes</u>

2. IF YOUR ANSWER IS "YES," IS IT:

    A. On the basis of malice, premeditation and deliberation?

    ANSWER: <u>yes</u>

    B. Under the first degree felony murder rule?

    ANSWER: <u>yes</u>

We conclude the trial court's failure to provide a not guilty final mandate constituted error, and next turn to whether this error constitutes plain error, requiring a new trial.

We first consider the jury instructions on murder in their entirety in determining whether the failure to provide a not guilty mandate constitutes plain error. The trial court judge correctly instructed the jury that if it did not find the requisite malice, premeditation and deliberation, it "would not return a verdict of guilty of first-degree murder on the basis of malice, premeditation, and deliberation" and must then consider whether the killing was done consistent with the requirements of the felony murder rule. Likewise, the concluding portion of the jury instruction on felony murder mirrored the one concerning malice, premeditation and deliberation in that it stated that the jury "[would] not return a verdict of guilty of first-degree murder under the felony murder rule[]" if the State failed in one or more of the elements of felony murder. The instruction, then, in the absence of a final not guilty mandate, essentially pitted one theory of first degree murder against the other, and <u>impermissibly suggested</u> that the jury should find that the killing was perpetrated by defendant on the basis of at least one of the theories. Telling the jury "not [to] return a verdict of guilty" as to each theory of first degree murder does not comport with the necessity of instructing the jury that it <u>must or would</u> return a verdict of not guilty should they completely reject the conclusion that defendant committed first degree murder.

Secondly, we consider the content and form of the first degree murder verdict sheet in determining whether the failure to provide a not guilty mandate constitutes plain error. Here, the trial court initially informed the jury that it was their "duty to return one of the fol-

lowing verdicts: guilty of first-degree murder or not guilty." However, the verdict sheet itself did not provide a space or option of "not guilty." And while the content and form of the verdict sheet did not compel the jury to return a verdict of guilty insofar as it stated "if" it found defendant guilty of first degree murder, we repeat our observation that it failed to afford exactly that which the court initially informed the jury it would be authorized to return—a not guilty verdict.

Thirdly, we consider the instructions and verdict sheet for the armed robbery/larceny offenses in determining whether the failure to provide a not guilty final mandate for the murder charge constitutes plain error. As to these taking offenses, the trial court judge <u>did</u> provide a not guilty mandate. After instructing the jury that it must consider the offense of larceny should they reject the armed robbery, the court properly charged the jury, "If you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty as to that charge." Rather than help correct the failure to provide a similar not guilty mandate with respect to the taking offenses likely <u>reinforced</u> the suggestion that the jury should return a verdict of first degree murder based upon premeditation and deliberation and/or felony murder. Likewise, the content and form of the verdict sheet on the taking offenses, which <u>did</u> afford a space for a not guilty verdict, also likely <u>reinforced</u> the suggestion that defendant must have been guilty of first degree murder on some basis:

> We the jury unanimously find the Defendant, Michael Lane McHone:
>
> √ Guilty of Robbery with a Dangerous Weapon
>
> or
>
> ___ Guilty of Larceny
>
> or
>
> ___ Not Guilty

Our review of binding precedent suggests that, even where the trial court has given instructions on, *e.g.*, burden of proof, presumption of innocence, and/or provided some qualifying remarks such as "**if** the State has proven the elements you should return a verdict of guilty", a new trial has been awarded for the failure to provide a not guilty final mandate. *See Ward*, 300 N.C. at 156, 266 S.E.2d at 585; *Ramey*, 273 N.C. at 327-29, 160 S.E.2d at 58-59; *Overman*, 257 N.C. at

467-68, 125 S.E.2d at 923-24. Consequently, the fact the trial court judge provided similar instructions here does not necessarily foreclose the necessity of a new trial. And, as our Supreme Court's holding in *Ramey* informs, "the fact there was plenary evidence upon which the jury [might return a verdict of guilty]" does not remedy the failure to provide a not guilty mandate. *Ramey*, 273 N.C. at 329, 160 S.E.2d at 59.

We recognize that the jury could not have genuinely misunderstood its role in passing on the guilt or innocence of defendant. Even so, the trial court's inadvertent omission tipped the scales of justice in favor of conviction and <u>impermissibly suggested</u> that the defendant must have been guilty of first degree murder on some basis. We conclude that the jury instructions on first degree murder, considered in context and in their entirety, amount to plain error. This conclusion is based not only on the importance of the jury receiving a not guilty mandate from the presiding judge, but also on the form and content of the particular verdict sheets utilized in this case.

---

**[2]** Defendant next argues that the trial court erred by failing to dismiss the armed robbery charge against him due to insufficiency of the evidence. Defendant contends that the evidence shows he took the VCR and Play Station from the victim's apartment as an "afterthought," once the victim was already dead, and that therefore he did not take the objects "by use of a dangerous weapon." We disagree.

"In ruling on a motion to dismiss . . . the trial court must consider the evidence in the light most favorable to the State and give the State every reasonable inference to be drawn therefrom." *State v. Truesdale*, 340 N.C. 229, 234, 456 S.E.2d 299, 302 (1995) (citation omitted).

> When the defendant moves for dismissal, the court must determine if there is substantial evidence of each essential element of the crime charged . . . and evidence that defendant committed the offense. If the aforementioned evidence exists, the motion to dismiss is properly denied.

*State v. Featherson*, 145 N.C. App. 134, 138-39, 548 S.E.2d 828, 831 (2001) (quoting *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982)).

The essential elements of armed robbery are: "(1) the unlawful taking or an attempt to take personal property from the person or in

STATE v. McHONE

[174 N.C. App. 289 (2005)]

the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." *State v. Willis*, 127 N.C. App. 549, 551, 492 S.E.2d 43, 44 (1997) (citation omitted); N.C. Gen. Stat. § 14-87 (2003). "That the victim is already dead when his possessions are taken has not previously been an impediment in this jurisdiction to the defendant's conviction for armed robbery." *State v. Fields*, 315 N.C. 191, 201, 337 S.E.2d 518, 524 (1985).

> Where there is a continuous transaction, the temporal order of the killing and the taking is immaterial. Provided that the theft and the killing are aspects of a single transaction, it is immaterial whether the intent to commit the theft was formed before or after the killing.

*State v. Handy*, 331 N.C. 515, 528, 419 S.E.2d 545, 552 (1992).

In the instant case, the victim was found dead in her home with stab wounds from a sharp object to her neck. In a statement to the police, defendant admitted he entered the victim's apartment, saw the victim lying naked in the bedroom with a hole in her neck trying to breathe, and took the victim's VCR and Play Station. Police officers found the victim's VCR and Play Station in defendant's apartment. Pritt testified defendant told him that he had killed the victim. Howie testified defendant told him he had killed his girlfriend by stabbing her in the neck with a pair of scissors.

We hold there was substantial evidence to sustain a conviction of armed robbery against defendant. This assignment of error is overruled.

Defendant's ineffective assistance of counsel argument is without merit, and his remaining arguments are either without merit or rendered moot as a result of this opinion.

In 00 CRS 19019, reversed and remanded for a new trial.

In 01 CRS 19538, no error.

Judges WYNN and CALABRIA concur.