STATE v. JADDIE (JERRY) DALLAS.

(Filed 14 December, 1960.)

**Homicide § 28—**

> An instruction which, in effect. limits a verdict of not guilty to a finding by the jury that defendant killed deceased in self-defense must be held for prejudicial error, since defendant's plea of not guilty places the burden upon the State of satisfying the jury beyond a reasonable doubt of each and every essential element of the offense.

APPEAL by defendant from *Williams, J.,* March 1960 Criminal Term, of CUMBERLAND.

This is a criminal action. Defendant is charged in the bill of indictment with the murder of one Bobby Pate. The State elected not to prosecute defendant for the capital offense of murder in the first degree.

The evidence tends to show: Defendant was working at a drive-in cafe. Pate and companions entered the cafe and became boisterous and offensive. Defendant asked them to leave. They were armed with knives and advanced toward defendant. Defendant got a pistol and fired twice "over their heads." He fired additional shots. Pate was struck by a bullet. He was carried to a hospital and died as a result of the bullet wound. The evidence was conflicting as to whether Pate was facing defendant at the time he was shot or was in the act of leaving.

Plea: not guilty. Verdict: guilty of manslaughter. Judgment: prison sentence of 7 to 10 years.

Defendant appealed and assigned errors.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Nance, Barrington & Collier and Rudolph G. Singleton, Jr., for defendant.*

PER CURIAM. Defendant denied that he intentionally shot deceased. The court charged the jury: ". . . (Y)ou may return one of three verdicts: a verdict of guilty of murder in the second degree, a verdict of guilty of manslaughter, or a verdict of not guilty on the grounds of self-defense." The charge as a whole limits the authority of the jury to return a verdict of not guilty to a finding of "not guilty by reason of self-defense." At no time was the jury instructed that, if upon a fair and impartial consideration of the evidence they had a reasonable doubt of defendant's guilt, it would be their duty to acquit him. In effect the court instructed the jury that defendant was not entitled to an acquittal unless he satisfied the jury that he had acted in self-defense. Defendant's plea of not guilty cast upon the State the burden of satisfying the jury from the evidence beyond a reasonable doubt of each and every essential element of the offense. In limiting the possibility of acquittal to a showing of self-defense the court erred. *State v. Baker,* 222 N.C. 428, 23 S.E. 2d 340; *State v. Howell,* 218 N.C. 280, 10 S.E. 2d 815.

New trial.