State v. Mayo

Judges BRITT and ARNOLD concur.

---

STATE OF NORTH CAROLINA v. CLIFFORD EARL MAYO

No. 7518SC517

(Filed 5 November 1975)

**Gambling § 3; Criminal Law § 112— lottery — instruction placing burden on defendant erroneous**

In a prosecution for possession of lottery tickets, the trial court properly instructed the jury that the State had the burden of proving that the defendant knew that the pieces of paper with the numbers on them were lottery tickets, but the court erred in instructing that, "under our law unless the defendant introduces evidence of lack of knowledge, this element may be presumed."

APPEAL by defendant from *Collier, Judge.* Judgment entered 19 February 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 13 October 1975.

Defendant was tried upon the charge of possession of lottery tickets in violation of G.S. 14-291.1. He was found guilty by a jury, and from a judgment imposing prison sentence defendant appealed to this Court.

---

Taylor v. Boger

---

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein, for the State.*

*Taylor, Upperman and Johnson, by Herman L. Taylor and Leroy W. Upperman, Jr., for defendant appellant.*

ARNOLD, Judge.

The trial judge, instructing the jury on the elements of the crime, charged the State with the burden of proving that the defendant knew that the pieces of paper with the numbers on them were lottery tickets. However the trial judge then stated, "I instruct you that under our law unless the defendant introduces evidence of lack of knowledge, this element may be presumed." The defendant contends that the trial court's charge failed to place the burden of proof on the State. We agree.

The defendant's plea of not guilty casts upon him a presumption of innocence and the State has the burden of satisfying the jury from the evidence beyond a reasonable doubt of each and every material element of the offense. *State v. Moore,* 268 N.C. 124, 150 S.E. 2d 47 (1966) ; *State v. Dallas,* 253 N.C. 568, 117 S.E. 2d 415 (1960) ; *State v. Cephus,* 239 N.C. 521, 80 S.E. 2d 147 (1954). The trial court committed prejudicial error by requiring the defendant to negate the existence of a material element of the crime.

New trial.

Judges MORRIS and HEDRICK concur.