STATE OF NORTH CAROLINA v. JERRELL ANTWAN JENKINS

No. COA07-498

(Filed 1 April 2008)

**Criminal Law— verdict form—not guilty option omitted**

The instructions in an assault prosecution did not cure the omission of a not guilty option from the jury verdict form. The trial court emphasized the not guilty mandate in relation to the defense of others charge, but the mandate was not clear enough to support a verdict sheet that omits a not guilty option. Additionally, the trial court did not specifically instruct the jury how to complete the verdict form to include a not guilty verdict.

Appeal by defendant from judgment entered 6 December 2006 by Judge Donald M. Jacobs in Martin County Superior Court. Heard in the Court of Appeals 14 November 2007.

*Attorney General Roy Cooper, by Special Deputy Attorney General Thomas R. Miller, for the State.*

*Robert W. Ewing, for defendant-appellant.*

CALABRIA, Judge.

Jerrell Antwan Jenkins ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of assault with a deadly weapon inflicting serious injury. We reverse.

On 12 August 2005, John Griffin, Jr. ("the victim") attended defendant's family reunion. The victim and O'Darrin Jenkins ("O'Darrin") were close friends and attended the reunion for the past four or five years. The victim "bumped into" the defendant who was with his brother Marquail Mouring ("Mouring"), and his cousin Victor Dunbar. Defendant spoke with O'Darrin, but did not speak to the victim. As the victim and O'Darrin walked toward the others in the crowd, a basketball was thrown and landed near them. O'Darrin and the victim turned around and saw the defendant laughing. O'Darrin told the victim he wanted to show him a new shirt that was in his mother's truck. The victim and O'Darrin started walking down a path leading to his mother's truck when the victim noticed the defendant and Mouring approaching them. As the victim started to walk back toward the crowd, he was hit on the back of the head. He

and Mouring fought for about thirty seconds. When Mouring stopped, defendant started fighting the victim. During the time the victim and defendant struggled, the victim felt a burning sensation in his left side. The victim slammed the defendant to the ground until someone intervened. The victim was bleeding from his chest, and sustained injuries to his side, neck, back and finger. Subsequently, defendant was charged with assault with a deadly weapon inflicting serious injury and assault inflicting serious bodily injury.

At trial in Martin County Superior Court on 4 December 2006, the State presented Martin County Sheriff's Deputy Officer Stalls' ("Officer Stalls") testimony. Officer Stalls responded to a call that either a fight or a stabbing had occurred. He arrived at the family reunion to investigate. Officer Stalls testified he found a knife lying on the ground in the general vicinity of the victim.

The victim testified he suffered nine stab wounds. An ambulance transported the victim to the hospital where the treatment for his wounds included surgery to repair his punctured lungs.

According to the defendant's testimony, he saw the victim with O'Darrin, Rod Dickens ("Dickens") and some others. He did not see anyone throw a basketball at the victim or O'Darrin and he did not see them go to the truck. The defendant was eating with his girlfriend when a fight broke out between Mouring and the victim. Defendant testified that three other people, including Dickens, attacked Mouring. Defendant's brother told defendant that Dickens had a knife. As defendant turned toward Dickens, Dickens swung the knife at him and cut defendant's fourth and fifth fingers. The knife severed his flexor tendons so defendant cannot completely straighten out his fingers. Defendant denied stabbing the victim or possessing a knife.

Mouring testified the victim instigated the fight. According to Mouring, his uncle pulled him away from the fight and told him Dickens had a knife. Mouring then warned defendant that Dickens had a knife.

The jury returned a verdict finding defendant guilty of assault with a deadly weapon inflicting serious injury and did not render a verdict as to the assault inflicting serious bodily injury charge. The Honorable Donald M. Jacobs sentenced defendant to a minimum term of twenty (20) months for a maximum term of thirty-three (33) months in the North Carolina Department of Correction. Defendant appeals.

Defendant argues the trial court committed reversible error by submitting an incomplete verdict form under Count I. The jury verdict form did not include an option of finding the defendant not guilty under Count I, nor did it include an option to find defendant guilty of simple assault.

Since we agree the omission of "not guilty" on the verdict form is reversible error, we do not reach defendant's second argument regarding simple assault.

This Court addressed a similar issue in *State v. McHone,* 174 N.C. App. 289, 620 S.E.2d 903 (2005). In *McHone,* the trial court not only omitted the option of not guilty of first-degree murder in its final mandate to the jury, but also omitted "not guilty" as an option on the verdict sheet. *Id.,* 174 N.C. App. at 291, 620 S.E.2d at 906. "Our Supreme Court has held that the failure of the trial court to provide the option of acquittal or not guilty in its charge to the jury can constitute reversible error." *Id.,* 174 N.C. App. at 295, 620 S.E.2d at 907-08 (citing *State v. Ward,* 300 N.C. 150, 155, 266 S.E.2d 581, 584 (1980)). The trial court failed to state that the jury could find defendant not guilty nor did it state that it was the jury's duty to do so should they conclude the State failed to meet its burden of proof. *Id.,* 174 N.C. App. at 296, 620 S.E.2d 908.

In *State v. McArthur,* 186 N.C. App. 373, 377, 651 S.E.2d 256, 258 (2007), this Court reversed and ordered a new trial where the trial court instructed the jury to find the defendant not guilty if they found defendant had acted in self-defense, but did not give the instruction that if the State failed to meet its burden as to one of the elements of the offense, the jury was required to find the defendant not guilty. *McArthur* relied upon *State v. Dallas,* 253 N.C. 568, 569, 117 S.E.2d 415, 416 (1960). In *Dallas,* the Supreme Court granted a new trial where the trial court failed to instruct the jury that the defendant must be acquitted if the State failed to prove each element of the offense charged and also for limiting the charge of not guilty to a finding of not guilty by self-defense. *Id.*

In the instant case, the jury verdict form contained a blank line under Count I further described as:

_____ guilty of assault with a deadly weapon inflicting serious injury

(Whether or not you find him guilty of assault with a deadly weapon inflicting serious injury, you will consider felonious assault inflicting serious bodily injury.)

OR

Count II:

_____ guilty of assault inflicting serious bodily injury

(If you find him guilty of either or both of the above offenses, you will not consider whether the defendant is guilty of simple assault.)

OR

_____ guilty of simple assault

OR

_____ not guilty

At the charge conference, defense counsel requested the trial court amend the verdict form to insert a "not guilty" option that was missing under Count I. The trial court denied the request.

The State argues the verdict form was sufficient because "[a] verdict is deemed sufficient if it can be properly understood by reference to the indictment, evidence, and jury instructions." *State v. Wiggins*, 161 N.C. App. 583, 592, 589 S.E.2d 402, 409 (2003) (citation omitted). The State further argues that any error was cured by polling the jury and cites *State v. Smith*, 299 N.C. 533, 535, 263 S.E.2d 563, 565 (1980), in support of this argument.

We find *Smith* distinguishable. In *Smith*, the defendant challenged the jury verdicts on the grounds they were improper in form. The defendant was charged with two counts. The jury responded "yes" on the verdict forms for each count instead of "guilty." When polled, the jury confirmed the verdict. The Supreme Court held no error. *Smith*, 299 N.C. at 537, 263 S.E.2d at 565. Here, although the jury was polled, the error of omitting a "not guilty" option from the verdict form is more serious than using the word "yes" instead of "guilty."

The State further cites *State v. Hicks*, 86 N.C. App. 36, 43, 356 S.E.2d 595, 599 (1987), where a verdict sheet did not include a not guilty option. On appeal, this Court found no reversible error since

the trial court specifically instructed the jury to write either guilty or not guilty in the blanks provided and properly polled the jury. *Id.*

We conclude that the instructions in this case did not cure the omission of a "not guilty" option from the jury verdict form. In the instant case, the trial court's instructions were essentially split into three parts. The first part explained the State's burden of proof for the elements of the offense.

In count one of the indictment the defendant has been charged with assault with a deadly weapon inflicting serious injury. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt. First, that the defendant assaulted the victim by intentionally and without justification or excuse striking the victim, John Griffin, Jr., second, that the defendant used a deadly weapon. A deadly weapon is a weapon which is likely to cause death or serious bodily injury. A knife is a deadly weapon and third, that the defendant inflicted serious injury upon the victim. A stab wound in the chest injuring the lung would be a serious injury.

Thus, if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant intentionally struck the victim with a knife, thereby inflicting serious injury upon the victim, nothing else appearing, it would be your duty to return a verdict of guilty.

In the second part, the court instructed if the State failed to prove one of the elements the jury could not return a guilty verdict of assault with a deadly weapon inflicting serious injury. However, if the State did prove all the elements, defendant could still be found not guilty if he acted in lawful defense of another and defendant's belief was reasonable.

*If you do not so find or you have a reasonable doubt as to one or more of these things, you will not return a verdict of guilty of assault with a deadly weapon inflicting serious injury, but you must clearly understand as to this charge if the defendant assaulted the victim, John Griffin, Jr., in lawful defense of another person his actions would be excused, and he would not be guilty.*

The State has the burden of proving from the evidence, beyond a reasonable doubt, that the defendant did not act in the lawful defense of another person.

If from the evidence you find, beyond a reasonable doubt, that the defendant assaulted the victim and that the circumstances would have created a reasonable belief in the mind of a person of ordinary firmness that the assault was necessary or apparently necessary to protect a family member from death or great bodily harm or bodily injury or offensive physical conduct—contact and the circumstances then create such belief in the defendant's mind at the time he acted, such assault would be justified by defense of a family member.

You, the jury, determine the reasonableness of the defendant's belief from the circumstances appearing to him at the time.

(Emphasis added).

The last determination was for the jury to find whether defendant used excessive force or was the aggressor. If they had a reasonable doubt that defendant was the aggressor, their duty would be to return a verdict of not guilty.

But although you are satisfied beyond a reasonable doubt that the defendant assaulted the victim, John Griffin, Jr., you may return a verdict of guilty only if the State has satisfied you, beyond a reasonable doubt, that the defendant did not act in the lawful defense of a family member, that is he did not reasonably believe that assaulting the victim was necessary or apparently necessary to protect his family member from death or great bodily harm or injury or offensive physical contact or that he used excessive force or was the aggressor. *If you do not so find or have a reasonable doubt, then the defendant would be justified by defense of a family member. Your duty would be, under those circumstances, to return a verdict of not guilty.*

(Emphasis added).

The trial court emphasized the not guilty mandate in relation to the defense of others charge. However, this mandate is not clear enough to support a verdict sheet that omits a "not guilty" option under Count I. *McHone, supra.* In addition, the trial court did not specifically instruct the jury how to complete the verdict form to include a not guilty verdict as to Count I. Instead the trial court instructed:

You may not return a verdict until all twelve jurors agree unanimously. You may not render a verdict by majority vote. Whether

you have—when you have agreed on a unanimous verdict, your foreperson may so indicate on the verdict sheet by checking the appropriate blanks.

The "appropriate blanks" under Count I did not include the option to find the defendant not guilty.

We reverse and remand for a new trial. We need not reach defendant's second issue on appeal. Finally, we note defendant asserted assignments of error that were not argued in his brief. Those assignments of error not argued are abandoned pursuant to N.C. R. App. P. 28(b)(6) (2007).

New trial.

Judges STEPHENS and ARROWOOD concur.