STATE OF NORTH CAROLINA, PLAINTIFF v. TIMOTHY FRANKLIN BALLARD, III, DEFENDANT

No. COA08-196

(Filed 4 November 2008)

**1. Homicide— first-degree murder—not guilty instruction— plain error analysis**

The trial court did not commit plain error in a first-degree murder case by allegedly failing to instruct the jury that if the State failed to prove any element of the charged offense, or any lesser-included offense, it must find defendant not guilty because: (1) the instructions stated that defendant should be found not guilty if the jury has reasonable doubt as to any elements of the charged crimes or if the jury finds defendant acted in self-defense; and (2) the trial court used the relevant sections of North Carolina Pattern Jury Instructions—Criminal 206.10 almost verbatim to instruct the jury as to the charged crimes, which included a "not guilty" instruction, the verdict sheet provided an

option of "not guilty," and there was no confusion as to other additional charges.

**2. Jury— request to reexamine testimony—trial court exercised discretion to deny request**

The trial court did not commit plain error in a first-degree murder case by denying the jury's request for the testimony of three witnesses on the ground that it would be inconvenient to produce because: (1) the trial court stated it had the discretion to order it, but it was not going to do so since it was completely impractical; and (2) the trial court thus recognized the authority to order the jury to reexamine testimony read back or transcribed, but in its discretion denied the jury's request.

**3. Criminal Law— instruction—flight**

The trial court did not commit plain error in a first-degree murder case by instructing the jury on defendant's flight because: (1) a trial court may instruct a jury on a defendant's flight where there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged; and (2) defendant's own testimony was enough to warrant the instruction as there was evidence defendant left the scene of the crime and took steps to avoid apprehension.

Appeal by defendant from judgment entered on or about 18 July 2007 by Judge Dennis J. Winner in Superior Court, Henderson County. Heard in the Court of Appeals 9 September 2008.

*Attorney General Roy A. Cooper, III by Special Deputy Attorney General R. Marcus Lodge, for the State.*

*Reita P. Pendry, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from his conviction by a jury of second-degree murder. Defendant argues the trial court plainly erred in "failing to instruct the jury that if the [S]tate failed to prove any element of the charged offense, or any lesser included offense, it must find defendant not guilty[,]" and "denying the jury's request for the testimony of three witnesses[,]" and erred in instructing the jury on flight. For the following reasons, we find no prejudicial error.

## I. Background

The State's evidence tended to show the following: Defendant and the victim lived together in a trailer on Kristilia Lane. Defendant and the victim were having problems because the victim owed defendant money. On 29 July 2006, defendant's brother, Luther Ballard, told defendant he was thinking of selling his .41 Magnum Smith & Wesson handgun, and defendant bought the gun.

Defendant testified that he and his brother Norman went to the trailer to get some of his stuff. Defendant claims the victim said he was going to kill him and that he shot the victim in self-defense. Defendant "was so scared [he] emptied the pistol." When Detective Scott Galloway ("Detective Galloway") of the Henderson County Sheriff's Department responded to a dispatch about the shooting on Kristilia Lane, he blocked defendant's escape, and defendant got out of his car and surrendered.

On or about 27 November 2006, defendant was indicted for first-degree murder. On or about 16 July 2007, a jury found defendant guilty of second-degree murder. On or about 18 July 2007, the trial court sentenced defendant to a minimum term of 216 months to a maximum term of 269 months imprisonment. Defendant argues the trial court plainly erred in "failing to instruct the jury that if the [S]tate failed to prove any element of the charged offense, or any lesser included offense, it must find defendant not guilty[,]" and "denying the jury's request for the testimony of three witnesses[,]" and erred in instructing the jury on flight. For the following reasons, we find no prejudicial error.

## II. Jury Instructions as to Elements of the Charged Offenses

[1] Defendant first contends that

> [t]he trial court's instruction never told the jury that if it found that the State had failed to prove each essential element of first degree murder, it must find the defendant not guilty of that offense. Likewise, the trial court's instruction never told the jury that if the State failed to prove each essential element of second-degree murder, it must find the defendant not guilty of that offense.
>
> . . . .
>
> The court's instructions left the jury to think that it could choose the most likely offense of three—first degree murder,

second degree murder, or voluntary manslaughter—rather than correctly informing the jury that it had to consider each charge separately, assess whether the State had met its burden as to that charge, and if it had not, enter a verdict of not guilty to that charge.

We disagree.

When a defendant fails to object to the trial court's jury instructions, he has failed to preserve the issue for appellate review. *See* N.C.R. App. P. 10(b)(2). Defendant concedes that he failed to object to the jury instructions on this issue. Therefore, the instructions are reviewed only for plain error. *See State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). "A prerequisite to our engaging in a 'plain error' analysis is the determination that the instruction complained of constitutes 'error' at all." *State v. Johnson*, 320 N.C. 746, 750, 360 S.E.2d 676, 679 (1987) (citation and quotation marks omitted). "In deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *Odom* at 661, 300 S.E.2d at 378-79.

The trial court used the relevant sections of the North Carolina Pattern Jury Instructions—Criminal 206.10, almost verbatim, to instruct the jury as to the charged crimes. The trial court's instructions in pertinent part were,

Therefore, if you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant intentionally, but not in self-defense, killed the victim with a deadly weapon, thereby proximately causing the victim's death; and that the defendant acted with malice, with premeditation or with deliberation, it would be your duty to return a verdict of guilty of First-Degree Murder. If you do not so find, or have a reasonable doubt as to one or more of these things, you will not return a verdict of guilty of First-Degree Murder.

If you do not find the defendant guilty of First-Degree murder, you must determine whether he is guilty of Second-Degree murder. If you find from evidence beyond a reasonable doubt that on or about the alleged date the defendant intentionally and with malice, but not in self defense, wounded the victim with a deadly weapon, thereby proximately causing the victim's death, it would be your duty to return a verdict of guilty of Second-Degree Murder. If you do not so find or have a reasonable doubt as to one or

more of these things, you will not return a verdict of guilty of Second-Degree murder.

If you do not find the defendant guilty of Second-Degree Murder, you must consider whether he is guilty of Voluntary Manslaughter. If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant intentionally wounded the victim with a deadly weapon and thereby proximately causing the victim's death, and that the defendant was the aggressor in bringing on the fight, or used excessive force, it would be your duty to find the defendant guilty of voluntary manslaughter, even if the State has failed to prove that the defendant did not act in self defense.

Or if you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant intentionally, and not in self defense, wounded the victim with a deadly weapon and thereby proximately caused the victim's death, that the State has failed to satisfy you beyond a reasonable doubt that the defendant did not act in the heat of passion upon adequate provocation, it would be your duty to return a verdict of guilty of Voluntary Manslaughter. If you do not so find or have a reasonable doubt as to one or more of these things, you will return a verdict of Not Guilty.

And finally, if the State has failed to satisfy you beyond a reasonable doubt that the defendant did not act in self defense, then the defendant's action would be justified by self defense. Therefore you would return a verdict of not guilty.

"This Court has recognized that the preferred method of jury instruction is the use of the approved guidelines of the North Carolina Pattern Jury Instructions." *Caudill v. Smith*, 117 N.C. App. 64, 70, 450 S.E.2d 8, 13 (1994) (citation omitted); *disc. review denied*, 339 N.C. 610, 454 S.E.2d 247 (1995). "Jury instructions in accord with a previously approved pattern jury instruction provide the jury with an understandable explanation of the law." *Carrington v. Emory*, 179 N.C. App. 827, 829, 635 S.E.2d 532, 534 (2006) (citing *State v. Anthony*, 354 N.C. 372, 395, 555 S.E.2d 557, 575 (2001)).

In spite of the trial court's accurate instructions of the relevant law pursuant to the pattern jury instructions, defendant directs our attention to three cases, *State v. Jenkins*, 189 N.C. App. 502, 658 S.E.2d 309 (2008); *State v. McArthur*, 186 N.C. App. 373, 651 S.E.2d 256 (2007); *State v. McHone*, 174 N.C. App. 289, 620 S.E.2d 903 (2005),

arguing that these cases require the trial court to give instructions to find the defendant not guilty if the jurors have a reasonable doubt or if the State fails to meet its burden as to any of the elements of the charged offense. All of these cases are clearly distinguishable from the present case. In *Jenkins*, this Court concluded that "the omission of 'not guilty' on the verdict form is reversible error." See *Jenkins* at 504, 658 S.E.2d at 311. However, in the case at bar, there was a "not guilty" option on the verdict form.

In McArthur, this Court concluded that

> we are required to award defendant a new trial because of the trial court's failure to include a specific instruction directing the jury to enter a verdict of not guilty if it found that the State had failed to prove any of the elements of the charged crimes beyond a reasonable doubt.

*McArthur* at 380, 651 S.E.2d 260. However, in the present case, unlike in *McArthur*, the trial court explicitly instructed the jury in its final mandate that, "If you do not so find or have a reasonable doubt as to one or more of these things, you will return a verdict of Not Guilty." The trial court provided the "not guilty" instructions before stating, "And finally, if the State has failed to satisfy you beyond a reasonable doubt that the defendant did not act in self defense, then the defendant's action would be justified by self defense. Therefore you would return a verdict of not guilty." Thus, in the present case, the instructions make it clear that defendant should be found not guilty if the jury has reasonable doubt as to any elements of the charged crimes *or* if the jury finds defendant acted in self defense.

In *McHone*, this Court concluded that the trial court committed plain error where the trial court as to the charge of first-degree murder failed "to provide a not guilty final mandate[,]" "the verdict sheet itself did not provide a space or option of 'not guilty'[,]" and there was additional confusion due to the trial court providing the final mandate and the "not guilty" option on the verdict sheet on the charge of armed robbery. *McHone* at 296-99, 620 S.E.2d at 909-10, *disc. review denied*, 362 N.C. 368, 628 S.E.2d 9 (2006). In the present case, the trial court provided the final mandate almost verbatim from North Carolina Pattern Jury Instruction 206.10, which included a "not guilty" instruction, the verdict sheet provided an option of "not guilty," and there was no confusion as to other additional charges. We conclude that the trial court did in fact "instruct the jury that if the [S]tate failed to prove any element of the charged offense, or any

lesser included offense, it must find defendant not guilty." Therefore, defendant's argument is overruled.

### III. Denial of Jury's Request

[2] Defendant argues that "the trial court plainly erred in denying the jury's request for the testimony of three witnesses on the ground that it would be inconvenient to produce it." In the instant case, the jury sent a note to the trial judge requesting the testimony of three witnesses: Rebekah Mejia, Steve Harris, and Timothy Ballard. Subsequent to this request, the trial court informed the jury,

> THE COURT: Members of the jury, you have requested the testimony of three witnesses.
>
> I've got the discretion to order that, but I'm not going to do that. And I want to tell you why. It's just completely impractical, because the court reporter would have to go and type it all up, which means that I would have to send you all home now and bring you back Monday—assuming she—and force her to do it over the weekend.
>
> That's the only way the testimony is available. So, consequently I'm going to have to deny you alls request for that. Remember it's your duty to remember all the evidence, and to take your recollection of it, rather than what the attorneys have told you it is, if there's some conflict between the two.

As defendant failed to object to this issue at trial he again concedes that plain error is the proper standard of review. *See Odom* at 661, 300 S.E.2d at 378-79. N.C. Gen. Stat. § 15A-1233(a) reads,

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

N.C. Gen. Stat. § 15A-1233(a) (2005).

Defendant cites numerous cases that he contends are analogous to the present case; however, we conclude this case is controlled by

*State v. James*, 182 N.C. App. 698, 643 S.E.2d 34 (2007). In *James*, the jury requested it be allowed to review two witnesses' testimony. *Id.* at 706, 643 S.E.2d at 39. In response to this request the trial court stated,

> I would instruct you, or tell you, that although the Court Reporter does make a record of the testimony in the trial, it is not done or not produced as the testimony is being given—and the term is that it is being done in real time—but rather is later prepared by the Court Reporter. The Court Reporter takes the record that he has made and reduces it to a typed report, which takes some time. So I am not going to stop your deliberations and send him to type this transcript and come back at some later time to present that to you.
>
> So, in my discretion, I am not going to supply you with transcripts of the testimony but would instruct you to use your recollection as to the testimony of those other two witnesses, and the other witnesses in the trial.

*Id.*

The defendant in *James* argued that

> this exchange shows the trial court did not understand that it had the authority to allow the jury to reexamine testimony, and that this misunderstanding prejudiced him. In support, defendant cites *State v. Barrow*, 350 N.C. 640, 517 S.E.2d 374 (1999), and other cases in which the trial court failed to realize that it had discretion to grant or deny a jury's request to reexamine evidence.

*Id.*

However, this Court found no error and concluded that

> the facts of this case are more analogous to *State v. Burgin*, 313 N.C. 404, 329 S.E.2d 653 (1985), where a trial court recognized the authority to order the jury to reexamine testimony read back or transcribed, but in its discretion denied the jury's request. Here, the trial court noted that it would be time consuming for the testimony to be transcribed, but never indicated it lacked authority to order the court reporter to transcribe the requested testimony. The trial court further noted that it was denying the request at its discretion, which implies that the court understood that it could have granted the request at its discretion but chose not to do so. This is the distinguishing fact between the *Barrow* line of cases

and the *Burgin* line of cases, and places this case squarely with the latter.

*Id.*

Here too defendant cites to *State v. Barrow*, 350 N.C. 640, 517 S.E.2d 374 (1999). However, as the trial court here stated, "I've got the discretion to order that, but I'm not going to do that. And I want to tell you why. It's just completely impractical . . . .[,]" we conclude that this case is controlled by *James* citing *Burgin* "where a trial court recognized the authority to order the jury to reexamine testimony read back or transcribed, but in its discretion denied the jury's request." *Id.* Accordingly, this assignment of error is overruled.

### IV. Jury Instructions on Flight

[3] Defendant next contends that "the trial court erred in instructing the jury on defendant's flight" as "[t]he instruction was not supported by the evidence." Defendant further contends that this is prejudicial to him because "flight could be evidence of consciousness of guilt . . . . [and] the jury could use it to infer that his claim of self-defense was not valid." We disagree.

The trial court instructed the jury on defendant's flight as follows:

The State contends and the defendant denies that the defendant fled. Evidence of flight may be considered by you, together with all other facts and circumstances in this case in determining whether the combined circumstances amount to an admission or show a consciousness of guilt. However, proof of this circumstance is not sufficient by itself to establish the defendant's guilt. Further, this circumstance has no bearing on the question of whether the defendant acted with premeditation and deliberation. Therefore, it must not be considered by you as evidence of premeditation or deliberation.

Here defendant objected to the flight instruction, and thus we review

jury instructions contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.

*State v. Glynn*, 178 N.C. App. 689, 693, 632 S.E.2d 551, 554, *disc. review denied*, 360 N.C. 651, 637 S.E.2d 180 (2006) (citation, quotation marks, ellipsis, and bracket omitted).

A trial court may instruct a jury on a defendant's flight where "there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged." *State v. Levan*, 326 N.C. 155, 164-65, 388 S.E.2d 429, 433-34 (1990) (citations and quotation marks omitted).

> [M]ere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension. However, there need only be some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged.

*State v. Westall*, 116 N.C. App. 534, 549, 449 S.E.2d 24, 33 (citation and quotation marks omitted), *disc. review denied*, 338 N.C. 671, 453 S.E.2d 185 (1994).

In the instant case, according to defendant's own testimony he took off his jacket, wrapped up the gun, and placed it in the car floorboard. Defendant gave the money he had to his brother, but defendant's brother gave it back with the car keys and told defendant to "Go[.]" Defendant left the scene and parked the car. At this point defendant claims he got out of his car when he saw an officer approaching. However, according to Detective Galloway, when he approached Kristilia Lane, defendant was doing a U-turn and Detective Galloway blocked defendant's car with his car. This testimony is enough to warrant an instruction on flight as there is evidence defendant left the scene of the crime and "took steps to avoid apprehension." *Westall* at 549, 449 S.E.2d at 33. This argument is overruled.

## V. Conclusion

For the foregoing reasons we find no error in the trial court's jury instructions or in its denial to provide the jury with a transcript.

NO ERROR.

Judges McGEE and McCULLOUGH concur.